IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| PTSI CONSTRUCTION, INC., | § | Case No. 20-30522-HCM-11 |
| | § | |
| Debtor. | § | |

## MOTION TO ALLOW MODIFICATION OF SUBCHAPTER V PLAN OF REORGANIZATION, BEFORE CONFIRMATION, UNDER 11 U.S.C. § 1193, AND FOR CONFIRMATION UNDER 11 U.S.C. § 1191(b)

TO THE HONORABLE H. CHRISTOPHER MOTT, UNITED STATES BANKRUPTCY JUDGE:

Now comes the Debtor PTSI CONSTRUCTION, INC. (hereinafter "PTSI") in this Chapter 11 Subchapter V case and through its attorney undersigned files this Motion to Allow Modification of Subchapter V Plan of Reorganization, before Confirmation, under 11 U.S.C. § 1193, and for Confirmation under 11 U.S.C. § 1191(b), and for cause would show:

1.

Petition date in this case is April 17, 2020. Jurisdiction arises under 28 U.S.C. § 1334(a) and (b).

2.

The hearing to consider confirmation of the Debtor's First Amended Plan of Reorganization as Modified Prior to Confirmation Under 11 U.S.C. § 1193(a) is set for November 3, 2020 in this Court at 10:00 a.m.

3.

There are two priority creditors who were not satisfied with the First Amended Plan, and they wrote to the undersigned counsel, requesting changes. One, the CITY OF EL PASO TAX COLLECTOR, objected to the Plan. The other, the TEXAS ATTORNEY GENERAL appearing for the TEXAS COMPTROLLER (hereinafter the "ATTORNEY GENERAL"), asked for and was awarded an extra four days to object and vote.

4.

The First Amended Subchapter V Plan of Reorganization, as Modified Prior to Confirmation Under 11 U.S.C. § 1193(a) (hereinafter the "Plan as Modified"), was filed on October 23, 2020, to assure the ATTORNEY GENERAL as well as the CITY OF EL PASO TAX COLLECTOR, that the requested changes had been made and filed. The Plan as Modified has been mailed on October 23, 2020, to all parties in interest.

5.

New 11 U.S.C. § 1193 reads that a Subchapter V Plan may be modified "at any time" prior to confirmation. 11 U.S.C. § 1127, the "main chapter" plan modification statute, does not apply in Subchapter V cases. No rule has been promulgated, on whether a motion to modify is necessary, or on how much advance notice needs to be given o parties in interest. PTSI files this Motion anyway, in an abundance of caution.

6.

As stated in the Plan as Modified, the changes that have been made are to the treatments of the priority tax claims of the ATTORNEY GENERAL and of the CITY OF EL PASO TAX COLLECTOR, of the secured claim of the CITY OF EL PASO TAX COLLECTOR in Plan Class 1, of the general unsecured claims in Class 3 (there are only two, by the ATTORNEY GENERAL and the CITY OF EL PASO TAX COLLECTOR), of the default provisions affecting the ATTORNEY GENERAL and the CITY OF EL PASO TAX COLLECTOR, and the provisions for lien retention and application of sales proceeds of any assets sold by the Debtor after confirmation as such sales may affect THE CITY OF EL PASO TAX COLLECTOR. The Plan's Article IV, on the Debtor's deferring of Plan payments because of construction lulls, has also been modified so that there cannot be more than three consecutive months (or two quarters, in Class 3) of Plan payment deferrals with regard to the ATTORNEY GENERAL. The Plan as Modified also has an updated Calendar of Payments, consistent with the above modifications.

7.

With those changes, the ATTORNEY GENERAL and THE CITY OF EL PASO TAX COLLECTOR have advised the undersigned counsel that they do not object to the Plan.

8.

As stated in the Plan as Modified, no other changes of any creditors' treatment have taken place, and the changes do not materially and adversely affect them. There is another material change in the Plan that does not affect any creditors adversely, and that is that no discharge of debts being paid over a term of more than three years can occur now until all Plan payments thereon are made, since confirmation has to occur under 11 U.S.C. § 1191(b). *See* 11 U.S.C. § 1192.

9.

Because no votes were cast upon the Plan, PTSI must ask for confirmation under 11 U.S.C. § 1191(b). A plan that drew no votes my still be confirmed under § 1191(b) because confirmation under § 1191(b) does not require satisfaction of 11 U.S.C. § 1129(a)(8), (10), or (15), but does require satisfaction of the rest of § 1129(a)'s subsections. Subsection (10) of § 1129 is the requirement that at least one impaired class has accepted the Plan.

10.

The Plan has been circulated to all parties in interest, and the only objection that has been filed, by THE CITY OF EL PASO TAX COLLECTOR, has been resolved. The Plan as now modified satisfies all of the other applicable subsections of 11 U.S.C. § 1129(a). Debtor accordingly asks for confirmation under § 1191(b).

11.

IF YOU ARE A PARTY IN INTEREST AND YOU BELIEVE THE MODIFICATIONS TO THE FIRST AMENDED PLAN DO AFFECT YOUR CLAIM MATERIALLY AND ADVERSELY, YOU MAY OBJECT TO THE MODIFICATIONS AT THE CONFIRMATION HEARING, WHICH IS BEING HELD AT 10:00 A.M. ON TUESDAY, NOVEMBER 3, 2020,

IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF TEXAS, EL PASO DIVISION VIA WEBEX US-COURTS.WEBEX.COM/MEET/MOTT AND DIAL-IN PHONE CALL NUMBER 1-650-479-3207, ACCESS CODE 160-357-6609#. YOU SHOULD ALSO FILE A WRITTEN OBJECTION TO THE SPECIFIC MODIFICATIONS YOU DISAGREE WITH, BEFORE THE HEARING, WITH A COPY TO THE DEBTOR AND DEBTOR'S COUNSEL.

WHEREFORE, PREMISES CONSIDERED, PTSI CONSTRUCTION, INC. prays that its Modification (Doc #56) of its First Amended Subchapter V Plan of Reorganization be allowed, and that its Plan as so modified be confirmed under 11 U.S.C. § 1191(b) with a 3-year period applicable to the granting of the Subchapter V discharge in § 1192 for all debts payable within that time.

Respectfully submitted this 27th day of October, 2020.

/s/ E.P. BUD KIRK
E.P. BUD KIRK
State Bar No. 11508650
600 Sunland Park Drive
Bldg. Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

Attorney for the Debtor

4

## CERTIFICATE OF SERVICE

I do hereby certify that on the 27th day of October, 2020, I did cause a copy of the foregoing Memorandum to be mailed or delivered to U.S. Trustee, P.O. Box 1539, San Antonio, TX 78205-1539; to Brad W. Odell, Subchapter V Trustee, 1500 Broadway, Ste. 700, Lubbock, TX 79401; to PTSI Construction, Inc., 7349 N. Loop, El Paso, TX 79915; to Comptroller of Public Accounts of the State of Texas, c/o Courtney J. Hull, Assistant Attorney General, Bankruptcy & Collections Division MC 008, P.O. Box 12548, Austin, TX 78711-2548; to City of El Paso, c/o Don Stecker, 112 E. Pecan Street, Ste. 2200, San Antonio, TX 78205; and to all parties in interest as shown on the attached list.

                                        /s/ E.P. BUD KIRK
                                        E.P. BUD KIRK

4900-MC-102620

BC Landscaping, LLC
301 Lafayette
El Paso, TX 79915

CED Electrical Supply
11500 Rojas
El Paso, TX 79936

Internal Revenue Service
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

IRS Insolvency Office
300 E. 8th Street, Mail Stop 5026AUS
Austin, TX 78701

Phil's Plumbing Shop
7361 N Loop
El Paso, TX 79915

Sun City Winnelson
7179 Copper Queen
El Paso, TX 79915

Texas Comptroller
Revenue Accounting Div.-Bankr. Section
P.O. Box 13528
Austin, TX 78711

United States Attorney
Civil Process Clerk-
Internal Revenue Service
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216

United States Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

U.S. Small Business Administration
Little Rock Commercial Loan Servicing Center
2120 Riverfront Dr., Ste. 100
Little Rock, AR 72202